IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUILLERMO GONZALEZ, JR., § <br> #78935-510, § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br>     Respondent. § | CIVIL NO. 3:25-CV-2509-N <br> (CRIMINAL NO. 3:23-CR-422-N-3) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Motion"), received from Movant Guillermo Gonzalez, Jr. on September 16, 2025 (Dkt. No. 2). Based on the relevant filings and applicable law, the Motion is **DISMISSED** without prejudice as premature.

### I. BACKGROUND

After being charged by complaint and in a multi-count indictment with several others, Gonzalez pled guilty under a plea agreement to one count of possession with intent to distribute a controlled substance and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. *See* Crim. Dkt. Nos. 1, 50, 89, 116. By judgment entered March 14, 2025, the Court sentenced him to 262 months of imprisonment, to be followed by two years of supervised release. *See* Crim. Dkt. No. 159. On March 18, 2025, Gonzalez filed two notices of appeal, one through appointed counsel and one *pro se*. *See* Crim. Dkt. Nos. 161, 163. His direct appeal is currently pending in the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"). *See United States v. Gonzalez*, No. 25-10437 (5th Cir. Mar. 25, 2025).

In the current Motion, Gonzalez seeks habeas relief under 28 U.S.C. § 2255, alleging that his counsel rendered ineffective assistance and that his sentence was procedurally and

substantively unreasonable. *See* Dkt. No. 2.

## II. SECTION 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It has been repeatedly established that a "collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

"It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). A § 2255 motion therefore is "not entitled to consideration on the merits" when an appeal of the challenged conviction and sentence remains pending. *Jones* 453 F.2d at 352; *see also United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). This is because "the disposition of the appeal may render the [§ 2255] motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega,* 859 F.2d 327, 334 (5th Cir. 1988)).

Here, Gonzalez's direct appeal of his conviction and sentence in the underlying criminal proceedings is currently pending before the Fifth Circuit. As such, his conviction and sentence are not yet final for purposes of § 2255. *See, e.g.*, *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (recognizing that "'[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for

filing a certiorari petition expires.'"). Because Gonzalez's conviction and sentence are not yet final, his premature Motion is not ripe for consideration on the merits and is subject to dismissal without prejudice to his re-filing, if necessary, once his conviction and sentence become final. *See United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991).

### III.  CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Motion without prejudice as premature.

**SO ORDERED.**

SIGNED this 22nd day of September, 2025.

_____
**DAVID C. GODBEY**
**UNITED STATES DISTRICT JUDGE**